WILCOX et al. *v.* FIELD et al.

PRACTICE—*judgment nil dicit.* If defendants, after appearance, fail to plead or demur, judgment *nil dicit* should be rendered against them before other proceedings are had in the case.

JUDGMENT *exceeding ad damnum.* Judgment should not be rendered for a greater amount than is claimed in the declaration.

*Error to District Court, Arapahoe County.*

Mr. J. BRIGHT SMITH, for plaintiffs in error.

Mr. G. W. PURKINS, for defendants in error.

BRADFORD, J. This was an action in debt, instituted in the district court of Arapahoe county, on the 2d day of

July, A.D. 1862, by C. H. Field and E. Magoffin, trustees of Jones & Cartright, against B. C. Wright, P. P. Wilcox, E. C. Mason and D. M. Bivens, on a promissory note alleged to have been executed by said defendants, and payable to said plaintiffs on the 21st day of December, 1861, for the sum of $110, the *ad damnum* in the plaintiff's declaration being laid at $110. At the August term of said district court, the cause came on to be heard, and the defendants, by J. Bright Smith, their attorney, appeared and filed a motion to dismiss the suit, alleging that plaintiffs were non-residents of Colorado territory; and said motion being heard, the court overruled the same, and ordered the case referred to the clerk to assess damages. The clerk, the same day, reported the plaintiffs' damages at $127.84, and the court thereupon rendered judgment against the said defendants for the sum of $127.84, and for costs.

To reverse this judgment the plaintiffs in error, being the defendants below, have brought the case to this court by writ of error.

The plaintiffs in error assign the following errors, viz. :

1. There was no judgment of *nil dicit* rendered against the plaintiffs in error in default of a plea, but a reference made to the clerk to assess damages without such judgment.

2. The final judgment rendered is for a greater amount than the *ad damnum* in the declaration.

It is a well-settled rule of practice that where defendants, after appearance, neither plead nor demur, judgment of *nil dicit* will be rendered against them before any other proceedings are had in the case. The record in this case discloses the fact, that the court referred the matter to the clerk for the assessment of damages without first rendering an interlocutory judgment against the defendants for want of a plea, as the law requires. In this we think there is manifest error (see Colorado statute, first session, § 15, p. 279, Stephen's Pleadings, 108).

It is equally apparent that the court erred in rendering judgment for a greater amount than the sum claimed in the

declaration. This is a matter of substance, it being apparent from the record that the court could not legally render such a judgment; from the evidence presented in the record, the proper judgment, so far as the amount is concerned, was entered by the district court; but this was unwarranted by the declaration and consequently illegal. See Stephen's Pleadings, 429; 4 Gilman, 79. The judgment of the district court is reversed, and the cause remanded for further proceedings.

*Reversed.*